Green, J.
delivered the opinion of the court.*
The simple question to be decided is, whether in these summary proceedings by motion, where notice is necessary, the motion must be made on the day specified in the notice.
It is contended by the defendant in error, that after the notice is served, the cause is in court, like a case commenced by process issuing out of the court, and that it is subject to the same rules of proceeding. In principle this cannot be the case. Where a cause originates by process issuing from the court, and returnable there, the defendant is brought into court, and is there to make his defence so long as the cause remains on the docket. If the plaintiff will not proceed with the cause, the defendant may coerce a trial, or nonsuit the plaintiff, or cause the suit to be discontinued, or in some way known to the law he can force a disposition of the cause. But in a case by motion, like this, there is nothing upon which the court can act, until the motion is made in court, and entered of record. Then, and not till then, the court has a cause before it, after which it is continued in court until it may be finally heard. Before the motion is thus made and entered of record, the defendant can take no step whatever in the matter. There is nothing to dismiss, for there is no process returned into court, by which the court can recognize the case. The notice is *313 a private paper in the hands of the party who gives it, and does not beJong to the court until the motion is made and it is produced in evidence. It is true, the sheriff may serve a copy and his return is evidence of the fact of service, but he does not deliver the paper in court, because it is a private paper and handed to the party who gives it. So he may serve notice to take depositions, and his return is evidence of the fact. But in either of these cases a private individual may serve the notice, and such service, when proved by him, is as good as if it had been served by the public officer.
The memorandum upon the clerk’s docket has not been noticed, because it constitutes no part of this record. It could not properly have been incorporated with this record but by having been offered in evidence, and then set out in a bill of exceptions. As that was not done, it is as foreign to this cause as any other memorandum on the clerk’s docket. But if we could notice it, no change would be produced in the aspect of this case. It was no part of the clerk’s duty to put the names of these parties on his docket, until there was some action in court upon the subject. He had, officially, no evidence that such a case existed.
We are of opinion, therefore, that the motion must be made and entered of record on the day designated in the notice, or it cannot be made afterwards without a new notice, there being no appearance of the defendant. 3 Marsh. 142: Hard. 29.
Judgment reversed.

Catron, Ch. J. absent.